UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH FIELDS, III, | ) | Civ. 09-4146-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS L. WEBER, individually | ) | ORDER DENYING MOTION FOR |
| and in his official capacity as | ) | TEMPORARY RESTRAINING |
| Warden; and | ) | ORDER |
| DARYL SLYKHUIS, individually and | ) | |
| in his official capacity as Deputy | ) | |
| Warden at the South Dakota State | ) | |
| Penitentiary, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Joseph Fields, III, moves for a temporary restraining order.[1]

Defendants have filed a brief in response and opposition to the motion

(Docket 33), along with the affidavit of Ken Van Meveren and accompanying

attachments (Docket 34). The motion for a temporary restraining

order/preliminary injunction is denied.

---

[1] Pursuant to the terms of Fed. R. Civ. P. 65(b)(2), a temporary restraining order is effective for a maximum of ten days. Plaintiff's request clearly seeks relief that exceeds ten days. Additionally, his motion was served upon defendants and they have submitted a response. The court will construe plaintiff's motion as a request for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). *See Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994) (although labeled a TRO, district court's order that exceeded ten days was actually a preliminary injunction and must be treated as such).

**BACKGROUND**

Plaintiff filed a *pro se* prisoner civil rights lawsuit pursuant to 42 U.S.C. § 1983 asserting that defendants improperly denied him access to certain books and/or magazines that he alleges are instructional art publications but which prison personnel claim violate the DOC pornography policy. Plaintiff alleges he is Native American and that non-Native American inmates are allowed to possess the same or similar publications with no claim by prison officials that the publications violate the DOC pornography policy. *See* Complaint, Docket 1.

Plaintiff asserts that after defendants filed their answer in this matter, plaintiff received mail from a former SDSP employee that made reference to plaintiff's lawsuit against defendants.[2] Plaintiff alleges as a "direct result" of the letter, he was placed in disciplinary segregation for six days without access to his legal materials. He was allowed access to his materials when he was released from disciplinary segregation. *See* Docket 29. He asserts defendants are "attempting to prevent and delay Plaintiff from prosecuting his claims." *Id.*

Plaintiff requests the court to enter an order temporarily restraining defendants from (1) placing him in disciplinary segregation without first

---

[2] Van Meveren attached a copy of the letter to his affidavit as part of Ex. A.

providing the court documentation proving he has received due process and showing that a legitimate penological reason exists for his discipline rather than to merely prevent his access to the court or otherwise delay, harass, or hinder these proceedings; and (2) placing him in some other form of confinement that is equal to disciplinary segregation but is simply called something else, thus preventing plaintiff's access to legal materials.

## DISCUSSION

"The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Whether a preliminary injunction should issue is decided by weighing four factors (the "Dataphase" factors). They are: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Systems v. C.L. Systems*, 640 F.2d 109, 114 (8th Cir. 1981). No single factor is determinative. "However, a party moving for preliminary injunction is **required** to show the threat of irreparable harm." *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994) (citations omitted, emphasis added). In the prison setting, a request for a preliminary injunction "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and

3

intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (citations omitted, punctuation altered).[3]

### 1.     Threat of Irreparable Harm

In *Goff*, the Eighth Circuit emphasized that to show the threat of irreparable harm, an inmate must do more than merely speculate about what might happen. "[F]or an injunction to issue a right must be violated and . . . the court must determine whether a cognizable danger of future violation exists and that danger must be more than a mere possibility. . . the courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Goff*, 60 F.3d at 521.

Although he asserts he was placed in disciplinary segregation shortly after he filed this lawsuit and shortly after he received a letter referencing the lawsuit from a former SDSP employee, plaintiff has not sufficiently alleged a connection between those two events, or if they were connected, how his constitutional rights were violated by his placement in segregation.[4]  Although

_____

[3] The *Goff* case is instructive because the prison litigant sought injunctive relief similar to the relief sought by plaintiff in this case.  In *Goff*, the plaintiff sought a preliminary injunction to prevent certain prison officials from participating in any disciplinary actions against him during the pendency of his lawsuit.  The claim in Goff's § 1983 action was that prisoners who filed lawsuits against the prison were subject to more severe discipline than other prisoners.

[4] Likewise, defendants did not really explain the connection, or lack thereof, between the letter and plaintiff's placement in disciplinary segregation.

plaintiff asserts he did not have access to his "legal materials" for a six-day

period while he was in disciplinary segregation, Van Meveren's affidavit and

attachments explain that inmates in both disciplinary segregation and the

SHU are provided with access to the law library and legal assistance. The

attachments to Van Meveren's affidavit also explain that inmates in both

disciplinary segregation and the SHU are allowed to possess their legal

materials in their cells. *See* Docket 34, Ex. B and Ex. C. Plaintiff's bare

assertion that "due to the strange occurances (sic) since Plaintiff received the

Defendant's Answer, Plaintiff believes the Court should issue this Order" is

too vague and speculative to justify a preliminary injunction. *See, e.g.,*

*Schrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005) (the

purpose of a preliminary injunction is not to remedy past harm but to protect

plaintiff from irreparable injury that "will surely result"; irreparable harm

requirement is met if plaintiff proves he will experience harm that cannot be

compensated after the fact by monetary damages but speculative harm does

not amount to irreparable injury). Plaintiff has failed to sufficiently allege a

threat of irreparable harm in the absence of a preliminary injunction.

    **2.**    **Balance Between Harm and Injury to Other Parties Litigant**

Plaintiff has failed to show how he will be harmed (irreparably or

otherwise) in the absence of a preliminary injunction that prohibits

disciplinary action against him by prison officials without prior court

approval.  Prison officials would essentially be required to obtain permission

from the federal courts before imposing disciplinary sanctions against plaintiff

for any reason whatsoever.  Defendants would be put to great disadvantage in

the "complex and intractable problems of prison administration" should they

be required to deal with one inmate differently than all the others regarding

disciplinary matters.

### 3.     Probability of Success on the Merits

While defendants address this factor at some length in their brief,

plaintiff did not address the merits of his underlying claim in his motion.  *See*

Docket 29.  "The burden of proving that a preliminary injunction should be

issued rests entirely with the movant."  *Goff v. Harper,* 60 F.3d 518, 520 (8th

Cir. 1995).  *See also McCreary v. Wertanen,* 2009 WL 1873997 (W.D. Mich.

May 5, 2009) (plaintiff's assertion in preliminary injunction motion unrelated

to subject matter of the lawsuit and did not attempt to address likelihood of

success of underlying claims).  At this stage of the litigation, therefore,

plaintiff has not shown a probability of success on the merits.

### 4.     Public Interest

Plaintiff has failed to identify any public interest in this court's

oversight of his prison disciplinary proceedings.

> In the context of a motion impacting on matters of prison
> administration, the interests of  . . . the public at large weigh
> against the granting of an injunction.  Any interference by the
> federal courts in the administration of state prison matters is

necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.

*Id.* at *2. Similarly, in the absence of a showing that his constitutional rights have been or are being violated, plaintiff has failed to show a public interest in his requested preliminary injunction.

## CONCLUSION and ORDER

Plaintiff bears the burden of proving a preliminary injunction should be issued. He has failed to carry his burden. Accordingly, it is hereby

ORDERED that plaintiff's Motion for Temporary Restraining Order (Docket 29) is denied.

Dated March 9, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE