UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOSEPH FIELDS, III, | * | CIV. 09-4146 |
| Plaintiff, | * | |
| vs. | * | ORDER ON MOTIONS |
| DOUGLAS L. WEBER, individually and in his official capacity as Warden, South Dakota State Penitentiary; DARYL SLYKHUIS, individually and in his official capacity as Deputy Warden, South Dakota State Penitentiary, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Defendant's Motion for Protective Order and Stay of Discovery ([Doc. 37](#)). Plaintiff objects to the motion. Also pending are Plaintiff's Motion to Compel Discovery and Request for Appointment of Counsel ([Doc. 44](#)) and Renewed Motion for Appointment of Counsel ([Doc. 47](#)).

As an initial matter, the defense has repeatedly and incorrectly stated the Court dismissed a portion of Plaintiff's claim upon screening. Pursuant to [28 U.S.C. § 636(b)](#), the powers of the Magistrate Judge are limited to the determination of non-dispositive matters except on a report and recommendation basis. The Order for Service ([Doc. 8](#)) did not dismiss any of Plaintiff's claims, but instead described the way in which Plaintiff's claims were interpreted. While it is true the DOC's Pornography Policy has previously passed constitutional muster, the Policy itself is not what Plaintiff's Complaint is challenging. Plaintiff asserts in [Doc. 44](#) that he does not challenge the constitutionality of the DOC Pornography policy per se, but rather the manner in which it has been applied to him. No claims have been dismissed.

Defendants assert a protective order should be filed staying all discovery until such time as a ruling is made on their yet unfiled motion for summary judgment regarding qualified immunity. "Prison officials may rely on the defense of qualified immunity to protect them from liability for civil damages." [Hayes v. Long, 72 F.3d 70, 72 (8th Cir. 1996)](#) (citations omitted). Qualified immunity provides "an immunity from suit rather than a mere defense to liability." [Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)](#). "Indeed . . .even such pretrial matters such as discovery are to be avoided if possible, as inquiries of this kind can be particularly disruptive of effective government.." [Id.](#) Qualified immunity is intended to protect public officials from disruptive, broad-ranging discovery. However, "[i]n some circumstances limited discovery may be required to resolve the qualified immunity question." [Technical Ordinance, Inc. v. United States, 244 F.3d 641, 647 (8th Cir. 2001)](#) (citations omitted). Also, qualified immunity does *not* shield a public official from suit for *injunctive* relief. [Burnham v. Ianni, 119 F.3d 668, 673, n.7 (8th Cir. 1997)](#) and cases cited therein.

Plaintiff's Complaint ([Doc. 1](#)), requests both money damages and injunctive relief. Even if the Defendants' qualified immunity defense defeats the claim for money damages, therefore, the claim for injunctive relief must still be determined on the merits. Accordingly, the Motion for Protective Order and Stay of Discovery ([Doc. 37](#)) is **DENIED**. Defendants shall submit their answers or objections to Plaintiff's discovery requests within twenty days of entry of this Order.

**Plaintiff's Motion to Compel ([Doc. 44](#))**

Next, Plaintiff moves for an Order compelling discovery. This motion is premature. Plaintiff's Motion to Compel ([Doc. 44](#)) is DENIED without prejudice.

**Plaintiff's Motions for Appointment of Counsel (Docs. [44](#) & [47](#))**

Plaintiff has previously moved for appointment of counsel ([Doc.30](#)). His latest motions are denied for the same reasons explain in the Court's earlier Order ([Doc. 35](#)).

Dated this 5th day of May, 2010.

                                                    BY THE COURT:

                                                    s/John E. Simko

                                                    _____
                                                    John E. Simko
                                                    United States Magistrate Judge